NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GINGER GARRETT,<br>*Plaintiff,*<br><br>v.<br><br>JUDGE PATRICK BARTELS, et al.,<br>*Defendants.* | Civil Action No. 18-2444<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff Ginger Garrett ("Plaintiff" or "Garrett") seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1, 10. The Court previously granted Plaintiff's application to proceed *in forma pauperis*, but also dismissed Plaintiff's Complaint and First Amended Complaint for failure to plausibly plead any claims. The Court granted Plaintiff leave to file a Second Amended Complaint ("SAC"), and she did so, D.E. 10. For the reasons discussed below, the SAC is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief can be granted. The SAC again fails to plausibly plead any claims.

When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2). When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To state a claim that survives a Rule

12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Because Plaintiff is proceeding *pro se*, the Court construes her pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

As noted, the Court previously dismissed Plaintiff's Complaint (D.E. 1) and Amended Complaint (D.E. 2) without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim. D.E. 4, 5. The Court granted Plaintiff leave to file a Second Amended Complaint within thirty (30) days. D.E. 5. Plaintiff's SAC was sent to the Clerk's office and received on May 16, 2018. D.E. 10. This was within the required thirty (30) days. However, due to a delay at the Clerk's office, the SAC was not docketed until May 22, 2018. *See* D.E. 10. This resulted in the Court issuing an order dismissing the claims included in Plaintiff's Complaint and Amended Complaint with prejudice. *See* D.E. 9. Because Plaintiff timely filed her SAC, the Court will order that its previous Order (D.E. 9) be vacated, and this case be reopened in order for the Court to consider Plaintiff's Second Amended Complaint.

1. **Plaintiff's Second Amended Complaint**

The SAC is brought against the following: Judge Patrick J. Bartels; Sobel Han LLP c/o Andrew Brett Sobel; YCD Olive Inc. c/o Israel Albert; Office of the Sheriff c/o Armando B.

Fontoura; Chase c/o Jamie Dimon; Silverman & Steen c/o Jena Silverman; Fein, Such, Kahn & Shephard "c/o Robert E. Smithson Jr. c/o Simone Sebastian c/o Tatiana Cespedes, c/o Nicholas J. Canovi, c/o Karina Menolga." D.E. 10 at 1. Plaintiff indicates that her basis for federal jurisdiction is "[n]o due process. My property was foreclosed on without a trial." D.E. 10 at 2. Plaintiff attached seven pages of documents that are each titled "Statement of Claim" against each Defendant.

Plaintiff alleges the following against Judge Patrick Bartels:

> Judge Patrick J Bartels granted an eviction/ejectment for Andrew Brett Sobel on behalf of YCD Olive Inc. Judge Bartels failed to check the public record which verifies that Ginger Garrett has a Corrected Deed and identifies Ginger Garrett as a Secured Priority Creditor. Judge Bartels failed to verify if Andrew B. Sobel filed a legitimate claim against Ginger Garrett, the property owner, as a squatter. He infringed on my copyright name. No due process.

SAC at 6.

Plaintiff alleges the following against Chase c/o Jamie Dimon:

> I mailed Jamie Dimon my payoff check in the amount of $73,288.42 in August 2015. He refused to accept the payment but kept my check. He initiated an illegal foreclosure and ignored all correspondences. He ignored the Promissory Note that I sent. I went to a Elizabeth, NJ Chase Branch to resolve the matter and Ms. Valasquez disappeared from the branch after she made a phone call and was advised that I would receive a legal copy of the check and that my property would be paid off with the check. No due process.

SAC at 7.

Plaintiff alleges the following against Fein, Such, Kahn & Shephard, "c/o Simone Sebastian, c/o Robert E. Smithson, c/o Tatiana Cespedes, c/o Nicholas J Canova, c/o Katrina Mendoza":

> Each attorney mailed Ginger Garrett illegal foreclosure documents after I verified that the debt had been satisfied. They never sent the original wet ink signature so that I could attest to the authenticity of

3

the document. They sent a barrage of paper work over a 2 ½ year time frame. Ginger Garrett converted her deed into a Promissory Note and mailed it to Fein, Such, Kahn & Shephard and to the Superior Court to settle the debt. It was ignored. Last summer, Fein, Such, Kahn and Shephard notified my insurance company via mail and stated that I abandoned my property even though I did not abandon my property. They failed to complete a forensic audit of Chase. There was no due process.

SAC at 8.

Plaintiff alleges the following against Sobel Han LLP c/o Andrew Brett Sobel:

Andrew Brett Sobel initiated an illegal eviction/ejection by completing court papers falsely siting [sic] Ginger Garrett as a squatter when Ginger Garrett is the home owner. He committed fraud. Andrew Sobel did not mail me court papers advising me of a court date. He infringed on my copyright name.

SAC at 9.

Plaintiff alleges the following against Silverman & Steen c/o Jena Silverman:

Jena Silverman sent fraudulent court documents to my property. She typed her law firm's name above my case docket sheet to my court case. Her letter threatened to take me to court. She failed to verify if YCD OLIVE INC had a rightful claim to my property. She infringed on my copyright name.

SAC at 10.

Plaintiff alleges the following against YCD Olive Inc. c/o Israel Albert:

Israel Albert hired Jena Silverman who mailed fraudulent court documents to me. She used my Case Docket Number and typed her personal information in the upper left side corner. He purchased stolen property from Sheriff Armando Fontoura. He never received a deed for the property. Israel Albert came into my house, disregarded the No Trespassing sign and rang my bell thereby trespassing on private property. His female companion walked to my car, as I was leaving my driveway and said that "Do you own this house. We are the new owners." Mr. Albert has come to my block on several occasions and parks across the street from my property – as recent as April 17, 2018 in attempt [sic] to intimidate me. YCD has no proof of claim and no documents to verify that he owns my property.

4

SAC at 11.

Finally, Plaintiff alleges the following against Office of the Sheriff c/o Armando B. Fontoura:

> Sheriff Armando B. Fontoura stole my property that, was paid in full, because he did not have a Sheriff's Deed which it required. He illegally sold my property to YCD Olive Inc. without the proper paper work.

SAC at 12.

Plaintiff also attaches a number of documents that include unclear allegations and references to statutes and legal doctrines. *See* D.E. 10, Ex. A.

### 2. Analysis

Even construed liberally, the Court cannot ascertain any clear alleged federal causes of action in Plaintiff's SAC. Plaintiff has made clear that she alleges that she was evicted from her home and that her home was then purchased. But the Court cannot decipher any federal causes of action in Plaintiff's allegations. For that reason, Plaintiff's claims are dismissed for failing to state a claim. The Court also made this issue – lake of sufficient allegations to support a proper claim – clear when the Court dismissed Plaintiff's Complaint and First Amended Complaint. D.E. 4.

It also appears that any claim concerning Plaintiff's eviction would be dismissed pursuant to the *Rooker-Feldman* doctrine. As the Court described in its original Opinion (D.E 4), "[t]he *Rooker–Feldman* doctrine precludes lower federal courts from exercising appellate jurisdiction over final state-court judgments because such appellate jurisdiction rests solely with the United States Supreme Court." *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)); *see also Williams v. BASF Catalysts LLC*, 765 F.3d 305, 315 (3d Cir. 2014). The Third Circuit has ruled that the doctrine applies once four elements are met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-

court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

"Under New Jersey law, a mortgage foreclosure suit determines the right to foreclose and the amount due on the mortgage." *Gage v. Wells Fargo Bank, N.A. A.S.*, 2011 WL 4073877, at *4 (D.N.J. Sept. 9, 2011), *aff'd* 450 F. App'x 121 (3d Cir. 2011), *and aff'd* 521 F. App'x 49 (3d Cir. 2013). The Third Circuit has repeatedly held that the *Rooker-Feldman* doctrine precludes federal district courts from granting relief that would in effect invalidate state court foreclosure proceedings. *See, e.g.*, *Moncrief v. Chase Manhattan Mortg. Corp.*, 275 Fed.Appx. 149, 153 (3d Cir. 2008) (holding that a district court correctly applied *Rooker-Feldman* when a plaintiff sought to "redress from the state court's judgment in [a] foreclosure action."). Here, construing Plaintiff's claims liberally, each claim against each Defendant appears to directly challenge the legitimacy of a state foreclosure proceeding. If an accurate assessment of Plaintiff's claims, the *Rooker-Feldman* doctrine would preclude the Court from hearing this matter.[1]

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice. Dismissing without prejudice affords a

---

[1] As noted in the Court's original Opinion, Plaintiff brings claims against "Judge Patrick Bartels." D.E. 1. The SAC makes clear to the Court that Plaintiff brings her claims against the judge's ruling in an official state court proceeding. Accordingly, Plaintiff's claims against Bartels are also dismissed because of the doctrine of judicial immunity. *See, e.g.*, *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978) (recognizing that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly"); *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) ("The doctrine of judicial immunity is founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages.").

plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Plaintiff has already been given a chance to amend her pleadings to clarify the federal basis for her claims. She has not done so. Moreover, when dismissing the original Complaint and the First Amended Complaint, the Court made clear the deficiencies in each, and the SAC makes no real effort to address such shortcomings. As a result, any additional amendment would be futile. Such amendment would also be futile to the extent that Plaintiff's claims seek review of a state court foreclosure proceeding. The Court could not retain jurisdiction over such an action pursuant to the *Rooker-Feldman* doctrine. Accordingly, the SAC is dismissed *with prejudice*, which means that Plaintiff will not be able to bring any future action against Defendants based on the allegations in this case. An appropriate form of Order accompanies this Opinion.

Dated: May 28, 2018

                                                  *John Michael Vazquez, U.S.D.J.*